**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIMULADOS SOFTWARE, LTD., | No. 17-17179 |
| Plaintiff-Appellee, | D.C. No. 5:12-cv-04382-EJD |
| v. | |
| PHOTON INFOTECH PRIVATE, LTD., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted April 18, 2019
San Francisco, California

Before: FERNANDEZ, BEA, and N.R. SMITH, Circuit Judges.

This case arises from a suit by Simulados Software, Ltd. (Simulados) against

Photon Infotech Private, Ltd. (Photon) alleging fraud and breach of contract. A

jury found Photon liable on both claims. The district court entered judgment, after

which Photon made motions under Federal Rules of Civil Procedure 50(b) and 59

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for judgment as a matter of law (JMOL) and a new trial. In a supplemental brief, Simulados changed theories and "elected" to rescind the contract. The district court denied Photon's JMOL and new trial motions and granted rescission, awarding $18,848 for the value of the consideration Simulados paid, plus $309,674 in "consequential" damages and $183,556.91 in attorneys' fees. Photon now appeals four issues, which we address here.[1]

1.      Photon appeals the denial of the Rule 50(b) motions for judgment as a matter of law on: (A) the jury's verdict on fraud; and (B) the jury's verdict on breach of contract. On de novo review, we take the evidence in the light most favorable to the jury's verdict; we are powerless to make any credibility determinations or weigh the evidence, and we must affirm unless the only reasonable conclusion is contrary to that of the jury. *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016).

We affirm the district court's denial of Photon's renewed motion for judgment as a matter of law on Simulados's fraud claim. Record evidence, taken in the light most favorable to the jury's verdict, shows: (1) Photon made

---

[1]We have jurisdiction under 28 U.S.C. § 1291. We apply California law to this diversity action because the parties contractually agreed to apply California law to disputes arising from their contract, and absent circumstances not here present, we normally honor the parties' contractual choice of law.

representations about the appropriateness of the REALbasic platform for the project and Photon's expertise in creating the requested products; (2) these representations were false; (3) Photon made these representations with knowledge of their falsity or with reckless disregard of their truth; (4) Photon intended to induce reliance (i.e., to induce Simulados to sign the contract); (5) Simulados's reliance on Photon was justifiable; and (6) Photon suffered resulting damage. *See Alliance Mortg. Co. v. Rothwell*, 900 P.2d 601, 608 (Cal. 1995) (listing elements for fraud). The standard of review precludes us from considering evidence in the record favorable to Photon that the jury was not required to believe. *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007).

2. We affirm the district court's denial of Photon's renewed motion for judgment as a matter of law on Simulados's breach of contract claim. Record evidence, taken in the light most favorable to the jury's verdict, reveals that Simulados still had not received the promised web application months after the completion date. Expert testimony also indicated the software provided repeatedly crashed.[2]

---

[2]The jury was not required to believe Photon's argument regarding the credibility of Simulados's expert.

3.      At the time the district court amended the judgment, Photon had filed its JMOL and new trial motions regarding: (1) whether Simulados could recover damages for fraud (i.e., whether the fraud claim was sufficiently independent of the contract to allow recovery under California law); and (2) whether a provision in the contract limiting damages applied to Simulados's fraud claim.  Rather than decide these issues, the district court granted Simulados's request to rescind the contract.

We reverse and vacate the order granting rescission.  To make rescission of the contract effective, California law required Simulados to prove two elements: (1) the contract was obtained through fraud; and (2) Simulados gave Photon notice that it was rescinding the contract "promptly upon discovering the facts" underlying Photon's alleged fraud.  *See* Cal. Civ. Code §§ 1689(b)(1), 1691.  Simulados failed to meet the notice requirement, because it never pleaded or otherwise pursued rescission until a post-verdict, court-ordered supplemental brief. *See Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1103–04 (9th Cir. 1998); *Doctor v. Lakeridge Constr. Co.*, 60 Cal. Rptr. 824, 828 (Ct. App. 1967).

4.      Photon argues that, even if it were not entitled to judgment as a matter of law on the contract claim, the panel should reduce the jury's award pursuant to the contractual limitation on damages.  We agree that there is an $18,848 cap on Simulados's recovery for breach of contract.  It is undisputed that Simulados paid

4

Photon $18,848, and the contractual provision limits damages to the amount that Simulados paid on the contract. This contractual limitation is enforceable with respect to Simulados's breach of contract claim, because it was bargained-for by parties of equal bargaining power. *See Food Safety Net Servs. v. Eco Safe Sys. USA, Inc.*, 147 Cal. Rptr. 3d 634, 642 (Ct. App. 2012) ("With respect to claims for breach of contract, limitation of liability clauses are enforceable unless they are unconscionable, that is, the improper result of unequal bargaining power or contrary to public policy."). At oral argument, Simulados's counsel conceded that the evidence shows that at least some of the sample products were delivered, so *Hawaiian Telephone Co. v. Microform Data Systems, Inc.*, is inapplicable. 829 F.2d 919, 925 (9th Cir. 1987) ("In our case, no product was delivered.").

Each party will bear its own costs on appeal.

**AFFIRMED in part**, **REVERSED in part**, **VACATED,** and **REMANDED** for further proceedings consistent with this decision.

FILED

MAY 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BEA, Circuit Judge, concurring:

I concur in the memorandum disposition, but I write separately to emphasize two points.

First, as to the rescission issue, I would reverse the district court's grant of rescission to Simulados based on California Civil Code § 1693, in addition to §§ 1689(b), 1691. Under California Civil Code § 1691, a party seeking rescission must, "promptly upon discovering the facts which entitle him to rescind," give notice to the other party and return everything of value that he has received from the other party under the contract. But § 1691 is "[s]ubject to Section 1693," which states that where "relief based upon rescission is claimed in an action or proceeding," as it was here (though in a supplemental brief on a post-trial motion), "such relief shall not be denied because of delay in giving notice of rescission unless such delay has been substantially prejudicial to the other party." *Id.* § 1693.

Simulados sought to rescind its contract with Photon in a post-trial supplemental brief, after choosing to affirm the contract from its filing of the complaint, throughout discovery and trial. That decision was "substantially prejudicial" to Photon because Simulados changed its tune after causing Photon to defend Simulados's breach of contract claim through trial, which spanned more than three years of litigation. *See Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1104

(9th Cir. 1998) ("As a result of Defendants' delay in giving notice of an intent to rescind, Citicorp suffered substantial prejudice—by weathering several months of arbitration and nearly two years of litigation.").

Second, I would include an instruction to the district court on remand that it ought to consider whether its award for $309,674 to Simulados based on the jury's fraud verdict comprising "lost profits" and "out-of-pocket expenses" overlaps with its separate award of $18,848 to Simulados for the value of the consideration it paid on the contract. If so, this constitutes impermissible double recovery. *See Tavaglione v. Billings*, 847 P.2d 574, 580 (Cal. 1993) (in bank) ("Double or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited.").